**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MICHAEL S. STEINGER; and
STEINGER ISCOE & GREEN,

      Plaintiffs,

v.                                              Case No. 6:14-cv-348-Orl-37KRS

THE FLORIDA BAR; ALAN PASCAL;
and JAN K. WICHROWSKI,

      Defendants.

## ORDER

This cause is before the Court on the following:

1. Motion to Dismiss or for Improper Venue (Doc. 15), filed March 20, 2014; and

2. Plaintiffs' Response to Defendants' Motion to Dismiss or for Lack of Venue (Doc. 23), filed April 11, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

## BACKGROUND

This action involves two constitutional challenges to the Florida Bar's rules governing attorney advertisement based on past results. (Doc. 1, pp. 15–17.) Plaintiffs, a Florida attorney and his law firm, allege that they expended substantial resources developing and marketing an advertising campaign featuring the firm's track record, only to have the Florida Bar direct them to stop the campaign or face disciplinary action. (*Id.* at 2.) Defendants are the Florida Bar and two of its officers, Alan Pascal and Jan Wichrowski. (*Id.* at 3.) The Florida Bar is the arm of the Florida Supreme Court tasked

with statewide enforcement of the rules governing lawyer advertising and solicitation. *See* R. Regulating Fla. Bar. 15.-1.1; *In re Amendments to Rules Regulating Fla. Bar—Subchapter 4-7, Lawyer Adver. Rules*, 108 So. 2d 609 (Fla. 2013). Pascal and Wichrowski serve as Chief Disciplinary Counsel for the Florida Bar's branch offices in Fort Lauderdale and Orlando, respectively. (Doc. 1, p. 3; Doc. 23, p. 2.)

Defendants move to transfer this action to the U.S. District Court for the Northern District of Florida, arguing that venue is improper in any other district.[1] (Doc. 15.) Plaintiffs oppose. (Doc. 23.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Venue in "all civil actions brought in district courts of the United States" is governed by 28 U.S.C. § 1391. Under § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For the purposes of § 1391(b)(1), individuals sued in their official capacity are generally

---

[1] Defendants have not identified the authority under which they move. (*See* Doc. 15.) Because their motion turns on the propriety of this venue rather than its convenience, the Court will proceed under the assumption that Defendants filed their motion pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a), both of which require improper venue as a prerequisite for relief. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). Additionally, despite designating their filing a "Motion to Dismiss or for Improper Venue," nowhere in the text of their motion do Defendants seek dismissal. (*See* Doc. 15.) The Court therefore presumes that Defendants request only transfer, not a dismissal outright.

deemed to reside in the district where they perform their official duties. *See Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds*, 450 U.S. 147 (1981). Entities with the capacity to be sued are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). When venue is challenged, the plaintiff bears the burden of showing that venue in a forum is proper. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).

## DISCUSSION

Defendants argue that venue is improper in the Middle District of Florida because the Florida Bar's decisions to implement and enforce the challenged advertising rules are all made by officials operating out of its headquarters in Tallahassee—not by Pascal or Wichrowski and not in the Middle District. (Doc. 15, pp. 2–4.) The Court disagrees. While the locus of the Bar's implementation and enforcement decisions may be relevant to whether venue is convenient under 28 U.S.C. § 1404 or whether it is proper under § 1391(b)(2), they are not relevant to this venue's propriety under § 1391(b)(1), which Plaintiffs invoke as a basis for venue in the Middle District.[2] (*See* Doc. 23, pp. 6–8.)

Here, residential venue is proper under § 1391(b)(1). Wichrowski and Pascal, sued in their official capacities, are residents of Orlando and Fort Lauderdale, the locations at which they perform their official duties. *See Fla. Nursing Home Ass'n*, 616 F.2d at 1360. Likewise, the Florida Bar, an "entity with the capacity to sue and be sued," *see, e.g.*, *Fla. Bar v. Went for It, Inc.*, 515 U.S. 618 (1995), is considered a resident of any judicial district

---

[2] For this reason, *Ford v. Supreme Court of Florida* is inapposite, as the plaintiff in that case never invoked venue under § 1391(b)(1). *See* No. 6:06-cv-3-Orl-31-JGG, 2006 WL 1382075, at *4 (M.D. Fla. May 18, 2006).

in which it is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2); *Algodonera de las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). As Plaintiffs indicate, this includes the Middle District of Florida, a judicial district in which the Florida Bar maintains permanent contacts through its operations and offices and in which it is subject to service of process.[3] (*See* Doc. 23, pp. 6–7 (citing *Algodonera*, 432 F.3d at 1345).) Thus, all three Defendants are residents of the State of Florida, and Defendants Wichrowski and the Florida Bar each reside within the boundaries of the Middle District. *See* 28 U.S.C. § 89 (including Orange County within the scope of the Middle District of Florida); Local Rule 1.02 (same). Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(1), and Defendants' motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss or for Improper Venue (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 21, 2014.

ROY B. DALTON JR.
United States District Judge

---

[3] Indeed, the courts of the Middle District of Florida have a long history of exercising personal jurisdiction over the Florida Bar. *See, e.g.*, *Harrell v. Florida Bar*, 915 F. Supp. 2d 1285 (M.D. Fla. 2011) (addressing a similar First Amendment challenge to the Florida Bar's advertising rules).

4

Copies:

Counsel of Record