**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MICHAEL S. STEINGER; and
STEINGER ISCOE & GREEN,

      Plaintiffs,

v.                                              Case No. 6:14-cv-348-Orl-37KRS

THE FLORIDA BAR; ALAN PASCAL;
and JAN K. WICHROWSKI,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1.     Complaint (Doc. 1), filed March 4, 2014;

2.     Defendants' Motion for Summary Judgment (Doc. 54), filed October 9, 2014; and

3.     Plaintiffs' Motion for Summary Judgment and Memorandum in Support of Motion (Doc. 55), filed October 10, 2014.

In this 42 U.S.C. § 1983 action, Plaintiffs assert a First Amendment challenge to the "Guidelines for Advertising Past Results" ("Guidelines") promulgated by the Florida Bar's Standing Committee on Advertising and distributed by the Florida Bar's Board of Governors. (*See* Docs. 1, 55-7.) As relief, Plaintiffs request that the Court "[d]eclare unconstitutional and enjoin enforcement of [the Guidelines] providing that 'the Bar generally will not issue a notice of compliance for advertisements [on television, the radio, or billboards] that include references to past results.'" (Doc. 1, p. 17.)

In October, the parties cross-moved for summary judgment. (*See* Docs. 54, 55.)

On December 15, 2014, Defendants filed a declaration from the Bar's President, Gregory Coleman, who averred that the Board of Governors recently "voted unanimously to repeal all Guidelines relating to attorney advertising rules and to interpret and apply the advertising rules to allow accurate advertising of past results, including references to monetary recoveries and the amount of such recoveries on all media including television and billboards."[1] (Doc. 61-1, ¶ 4.) The repeal took effect immediately. (*Id.* ¶ 5.)

Upon consideration, the Court finds that this case is now moot. The challenged Guidelines have been repealed, and there is no reasonable basis to believe that they will be reinstated if this suit is terminated. *See Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265–66 (11th Cir. 2010) ("A challenge to a government policy that has been *unambiguously terminated* will be moot in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated.") (citation and internal quotation marks omitted). Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED AS MOOT**.
2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 16, 2014.

ROY B. DALTON JR.
United States District Judge

---

[1] Coleman clarified that the Board of Governors' decision was made in response to a report summarizing a recent consumer survey on the effects of attorney advertising (*see* Doc. 61-3), as well as a recent decision issued in *Rubinstein v. The Florida Bar*, No. 14-CIV-20786-BLOOM/Valle (S.D. Fla. Dec. 8, 2014). (*See* Doc. 61-1, ¶ 3.)

Copies:

Counsel of Record